No. 91-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991


SAMUEL J. GRENZ,

            Plaintiff and Appellant,

    v.

JEANETTE STANGL and
VOCATIONAL RESOURCES, INC.,

            Defendants and Respondents.

FILED

SEP 18 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Robert S. Keller, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Samuel J. Grenz, Pro Se, Whitefish, Montana

        For Respondents:

        Todd A. Hammer, Warden, Christiansen,
        Johnson & Berg, Kalispell, Montana


                            Submitted on Briefs:   June 6, 1991

                                    Decided:   September 18, 1991

Filed:


_____
              Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Samuel J. Grenz, pro se, appeals from a grant of summary judgment against him in the District Court for the Eleventh Judicial District, Flathead County. We affirm.

The issue before us is whether the District Court erred in granting summary judgment.

The present appeal before this court is one of many brought by appellant arising out of an industrial accident he suffered on August 22, 1984. The factual and procedural backgrounds to this controversy have been set out in some detail by this Court on a number of occasions, most recently in Grenz v. Medical Management Northwest, et al., pending Supreme Court Cause No. 91-100. (MMN) The present appeal and the companion case of **MMN** were submitted to this Court at the same time and were considered together due to the similarity of issues.

Appellant was injured while at work. At the time of the injury appellant's employer was enrolled under Workers' Compensation Plan 11. The insurer assumed liability and began to pay compensation and medical benefits to the appellant. Approximately four years after the appellant's injury, the insurer, by way of its attorney, arranged for appellant to undergo a series of examinations for the purpose of determining the extent of his disability and the feasibility of future employment. Participating in this multi-specialty panel examination of the appellant were four doctors procured by Medical Management

**2**

Northwest, Inc., and Jeanette Stangl, a vocational consultant employed by Vocational Resources, Inc. (VRI). Subsequent to this examination, the insurer temporarily reduced appellant's benefits. After mediation of appellant's claim, his prior level of benefits was retroactively reinstated.

As a result of the appellant's unhappiness with the conduct of the panel members, he brought suit against Medical Management Northwest, Inc., and all the doctors involved, alleging conspiracy, fraud, bad faith, and professional negligence. For reasons that are not clear, the appellant brought a separate suit against the vocational consultant and her employer, again alleging conspiracy, fraud, bad faith, and professional negligence. In the companion case, the District Court granted summary judgment for the doctors and MMN. We have affirmed the District Court in that case.

In the present case, the District Court granted the respondents' motions for summary judgment on all the claims. In so doing, the District Court relied on the same rationale used in the MMN case. We agree that the respondents in the present case are similarly situated in regard to the appellants allegations, as were the doctors in the companion case, and we therefore, will only briefly repeat our discussion in MMN.

Appellant failed to bring forward any evidence at all concerning either fraud or conspiracy. Likewise, his bad faith claim fails in the absence of specific statutory authorization or

a contract involving a special relationship between the parties. Appellant did not offer any evidence of negligence.

The District Court was correct in finding that no genuine issues of material fact existed and that respondents were entitled to judgment as a matter of law.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

September  18, 1991

CERTIFICATE  OF  SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Samuel J. Grenz
104 Colorado Ave.
Whitefish, MT  59937


Todd A. Hammer
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT  59903-3038

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
          Deputy